IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

AARON COALSON,

    Plaintiff,

v.

                              Case No.

SHADRACK WATERSPORTS, INC.
d/b/a SHADRACK PRODUCTIONS,
a Tennessee for Profit Corporation,

    Defendant.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, AARON COALSON, by and through his undersigned counsel, bring this action against Defendant, SHADRACK WATERSPORTS, INC. d/b/a SHADRACK PRODUCTIONS, a Tennessee for Profit Corporation, (hereinafter referred to as "Defendant"), and states as follows:

## **INTRODUCTION**

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).

2. To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per work week. 29 U.S.C. § 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

3. Plaintiff was a non-exempt employee for Defendant, and was paid a weekly salary to cover his first forty (40) hours worked.

4. Throughout his employment, Defendant deprived Plaintiff of proper overtime compensation for his hours worked in excess for forty (40) hours each week.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et seq*.

6. Venue is proper in the Eastern District of Tennessee because Defendant's principal place of business is in this District.

## THE PARTIES

7. Plaintiff Aaron Coalson, a natural person, is, and at all times relevant hereto was, a citizen of the State of Virginia, residing in Washington County, Virginia.

8. Defendant, Shadrack Watersports, Inc. d/b/a Shadrack Productions is a Tennessee Profit Corporation, with its principal place of business located in Bristol, Tennessee.

## FLSA COVERAGE

9. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

10. At all times material to this action, Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

11. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in commerce which were used directly in furtherance of Defendant's commercial activity of running a

production company.

13. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum at all times relevant hereto.

14. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

15. At all times material hereto, Plaintiff was "engaged in commerce" and was subject to individual coverage of the FLSA, by virtue of his handling of goods or materials that had been moved in commerce.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## FACTUAL ALLEGATIONS

17. On approximately September 29, 2018, Defendant hired Mr. Coalson to work as a non-exempt assistant show manager in training.

18. In this role, Plaintiff was required to construct sets and holiday displays for Defendant and its clients.

19. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

20. From at least September 28, 2018 and continuing through January 21, 2019, Defendant failed to compensate Mr. Coalson at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a single work week.

21. Mr. Coalson should be compensated at the rate of one and one-half times his regular rate for those hours that he worked in excess of forty (40) hours per week, as required by the FLSA.

22. Defendant has violated Title 29 U.S.C. § 207 from September 29, 2018 and

3
Case 2:20-cv-00006-CLC-CRW   Document 1   Filed 01/14/20   Page 3 of 7   PageID #: 3

continuing through January 21, 2019, in that:

  a. Mr. Coalson worked in excess of forty (40) hours during most work weeks for the period of his employment with Defendant;

  b. No payments, and/or provisions for payment, have been made by Defendant to properly compensate Mr. Coalson at the statutory rate of one and one-half times his regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

  c. Defendant failed to maintain proper time records as mandated by the FLSA.

23. In an effort to resolve these matters without litigation, on July 19, 2019, Plaintiff contacted Defendant, *see* **Exhibit A**.

24. Thereafter, the parties exchanged correspondence, the last of which was not responded to by Defendant, *see* **Exhibit B**.

## COUNT I
## VIOLATION OF 29 U.S.C. 207 OVERTIME COMPENSATION

25. Plaintiff realleges and incorporates paragraphs 1 through 24 as if fully set forth herein.

26. From at least September 29, 2018 and continuing through January 21, 2019, Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty (40) hours each work week.

27. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours that he worked in excess of forty (40) hours.

28. At all times material hereto, Defendant failed, and continues to fail, to maintain

proper time records as mandated by the FLSA.

29. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for his hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

30. Defendant failed to properly disclose or apprise Plaintiff's rights under the FLSA.

31. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

32. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II - RETALIATION

33. Plaintiff realleges and incorporates paragraphs 1 through 24 as if fully set forth herein.

34. In or about May 2019, Plaintiff questioned his supervisors about not being paid overtime for the hours he worked in excess of 40 hours per week.

35. Shortly thereafter, Plaintiff was terminated.

36. Defendant discriminated against Plaintiff because he sought to enforce his rights to be paid proper overtime wage pay, in accordance with the FLSA.

37. Defendant's action towards Plaintiff is discrimination and retaliation against Plaintiff in violation of 29 U.S.C. §215(a)(3).

38. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a.    Awarding Plaintiff overtime compensation in the amount due to him for his time worked in excess of forty (40) hours per work week while employed by Defendant;

    b.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c.    Awarding Plaintiff pre-judgment and/or post-judgment interest;

    d.    Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions of the FLSA;

    e.    Declaring, pursuant to 29 U.S.C. §§2201 and 2202 that Defendant failed to keep accurate time records;

    f.    Declaring, pursuant to 29 U.S.C. §§2201 and 2202 that Defendant has a legal duty to pay Plaintiff overtime wages pursuant to the FLSA;

    g.    Declaring, pursuant to 29 U.S.C. §§2201 and 2202 that Defendant failed to prove a good faith defense;

    h.    Declaring, pursuant to 29 U.S.C. §215(a)(3), that the termination of Plaintiff is in violation of the retaliation provision of the FLSA;

    i.    That Plaintiff is entitled to overtime wages, liquidated damages, compensatory damages and punitive damages, and reasonable attorneys' fees pursuant to the FLSA;

    j.    An award of costs and expenses of this action together with reasonable

6
Case 2:20-cv-00006-CLC-CRW   Document 1   Filed 01/14/20   Page 6 of 7   PageID #: 6

attorneys' and expert fees; and

k. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable as a matter of right by jury.

DATED: January 14, 2020.   Respectfully submitted:

*/s/ Andrew R. Frisch*
Andrew R. Frisch
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone: (954) WORKERS
Facsimile: (954) 327-3013
Email: afrisch@forthepeople.com

*Counsel for Plaintiff*